1  *Counsel of Record on Following Page*

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  ELSY GARCIA DE MIRA, individually,          Case No. CV 12-04092 LHK
    and on behalf of all others similarly
13  situated,                                   **STIPULATION FOR PROTECTIVE
                                                ORDER; [PROPOSED] ORDER**
14              Plaintiff,

15        v.

16  HCR MANORCARE, HCR
    MANORCARE MEDICAL SERVICES
17  OF FLORIDA, LLC, MANOR CARE,
    INC.; and DOES 1 through 10,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER;
[PROPOSED] ORDER                                      Case No. CV 12-04092 LHK

1   ARTHUR M. EIDELHOCH, Bar No. 168096
    aeidelhoch@littler.com
2   SHANNON M. GIBSON, Bar No. 256634
    sgibson@littler.com
3   GALEN M. LICHTENSTEIN, Bar No. 251274
    glichtenstein@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:     415.433.1940
    Facsimile:     415.399.8490
7
    Attorneys for Defendants
8   HCR MANORCARE, INC.; HCR MANORCARE
    MEDICAL SERVICES OF FLORIDA, LLC,
9   MANOR CARE, INC.

10  IRA SPIRO, Bar No. 67641
    ira@spiromoore.com
11  JENNIFER L. CONNOR, Bar No. 241480
    jennifer@spiromoore.com
12  DENISE L. DIAZ, Bar No. 159516
    deniseldiaz@gmail.com.
13  JUSTIN F. MARQUEZ, Bar No.262417
    justin@spiromoore.com
14  SPIRO MOORE LLP
    11377 W. Olympic Blvd., Fifth Floor
15  Los Angeles, CA 90064
    Telephone:     310.235.2468
16  Facsimile:     310.235.2456

17  SAHAG MAJARIAN II, Bar No. 146621
    sahagii @aol.com
18  LAW OFFICE OF SAHAG MAJARIAN II
    18250 Ventura Boulevard
19  Tarzana, CA  91356
    Telephone:     818.609.0807
20  Facsimile:     818.609.0892

21  Attorneys for Plaintiff
    ELSY GARCIA DE MIRA

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER;
[PROPOSED] ORDER                                          Case No. CV 12-04092 LHK

1    **1.     PURPOSES AND LIMITATIONS**

2              Discovery activity in the above-entitled action is likely to involve production of

3    confidential, proprietary, and/or private information for which special protection from public

4    disclosure and from use for purposes other than prosecuting or defending this litigation is warranted.

5    Such information is likely to include, among other things, private personnel information of

6    employees/former employees and private medical information about non-parties.  Accordingly, the

7    parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order

8    ("Order").

9              The parties acknowledge that this Order does not confer blanket protections on all

10   documents, information, or responses to discovery and that the protection it affords extends only to

11   the limited information and items that are entitled to treatment as confidential under applicable law.

12             This Order does not in any way impact the protections from discovery provided by

13   the attorney-client privilege or the attorney work product doctrine or any other objection.  This Order

14   shall not enlarge, concede, abrogate or diminish any privilege, or any statutory or other legal

15   obligation or right of any individual with respect to DISCOVERY MATERIALS, as defined herein.

16   **2.     DEFINITIONS**

17        **2.1     DISCOVERY MATERIALS:**  Documents, responses to inspection demands,

18   interrogatory responses, responses to other forms of written discovery, deposition testimony, any

19   records received from third parties pursuant to subpoenas or releases, and all other information that

20   may be disclosed by the parties or third parties in the course of discovery in this action, as well as

21   compilations or excerpts of such materials.  DISCOVERY MATERIALS shall also include any of

22   the above documents or information, regardless of how obtained or whether the subject of a

23   discovery request, as well as compilations or excerpts of such materials, which any party seeks to

24   file with the Court.

25        **2.2     CONFIDENTIAL:**  Information (regardless of how generated, stored, or

26   maintained) or tangible things reflecting confidential, proprietary, private, or personal information

27   (including medical information) that counsel or any of the stipulating parties has in good faith

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1    designated as CONFIDENTIAL and qualifies for protection under Federal Rule of Civil Procedure

2    26(c).

3         **2.3     ATTORNEYS' EYES ONLY:**  The parties may designate certain CONFIDENTIAL

4    DISCOVERY MATERIALS (including, but not limited to, testimony or other information) of an

5    extraordinarily highly confidential and/or proprietary nature as ATTORNEYS' EYES ONLY.  Such

6    designation shall not be used routinely or to gain advantage in this litigation, but rather shall be used

7    only in cases where the protections afforded by the CONFIDENTIAL designation are insufficient

8    and where disclosure to another Party or nonparty would create a potential for harm or a substantial

9    risk of serious injury or harm, including to Defendants' business interests and/or to a patient's or

10   other member of the public's privacy interests, that could not reasonably be avoided by less

11   restrictive means.

12        **2.4     PROTECTED MATERIAL:**  DISCOVERY MATERIALS that are designated as

13   CONFIDENTIAL or ATTORNEYS' EYES ONLY.

14   **3.     SCOPE**

15             The protections conferred by this Order cover PROTECTED MATERIALS and any

16   information copied or extracted therefrom, as well as all copies, excerpts, summaries, or

17   compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in

18   court, or in other settings that might reveal PROTECTED MATERIALS.  However, the protections

19   conferred by this Order do not cover the following information:  (a) any information that is in the

20   public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

21   after its disclosure to a Receiving Party as a result of publication not involving a violation of this

22   Order, including becoming part of the public record through trial or otherwise; and (b) any

23   information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party

24   after the disclosure from a source who obtained the information lawfully and under no obligation of

25   confidentiality to the Designating Party.  Any use of PROTECTED MATERIALS at trial shall be

26   governed by a separate agreement or order.

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION FOR PROTECTIVE ORDER;
[~~PROPOSED~~] ORDER                    2                    Case No. CV 12-04092 LHK

**4.   DURATION**

This Order shall remain in effect for the duration of the action and shall survive the final conclusion of this action unless terminated in a signed stipulation or pursuant to Court order, provided that once a party and its/her counsel have complied with Paragraph 6.8 after final resolution of the litigation, then this Order shall remain in effect only as to Paragraph 7.

**5.   DESIGNATING PROTECTED MATERIAL**

Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the materials, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**6.   PERMITTED DISCLOSURE OF PROTECTED MATERIAL**

**6.1**   A party may disclose information or items designated CONFIDENTIAL only to:

(a)   Plaintiff Elsy Garcia De Mira;

(b)   the parties' counsel and in-house counsel, as well as their respective paralegal, clerical, and secretarial staffs;

(c)   any current or former officers, directors, or employees of Defendants or Heartland Employment Services, LLC necessary to aid in the prosecution, defense, or settlement of this action, but only to non-supervisory, current or former employees who have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A";

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION FOR PROTECTIVE ORDER;
[PROPOSED] ORDER                                  3                        Case No. CV 12-04092 LHK

(d)     any consultants or expert witnesses (including their staff) necessary or appropriate to aid in the prosecution, defense, or settlement of this action, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A";

(e)     the Court and its personnel either *in camera* or as filed under seal per Civil Local Rule 79-5;

(f)     court reporters and their staff, professional jury or trial consultants, and other vendors (*e.g.*, persons or entities that provide litigation support services such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) necessary or appropriate to aid in the prosecution, defense, or settlement of this action, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A";

(g)     during their depositions, witnesses necessary to the prosecution, defense or settlement of this action, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A" or are otherwise authorized by this Order to view CONFIDENTIAL INFORMATION;

(h)     any discovery referees, as well as any neutrals or mediators, retained for alternative dispute resolution purposes;

(i)     the author or intended recipient of a document containing CONFIDENTIAL INFORMATION or a custodian or other person who otherwise possessed or knew the information in the document, provided he or she has signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A"; and

(j)     as otherwise agreed by the parties in good faith, which agreement is confirmed in writing or on the record in court or deposition in advance of the disclosure.

**6.2**     DISCOVERY MATERIALS designated as ATTORNEYS EYES ONLY shall receive all the protections afforded herein to a CONFIDENTIAL designation, except where such treatment would diminish the protection afforded to ATTORNEYS EYES ONLY DISCOVERY MATERIALS.  A party may disclose information or items designated ATTORNEYS' EYES ONLY only to:

STIPULATION FOR PROTECTIVE ORDER;
[~~PROPOSED~~] ORDER

4

Case No. CV 12-04092 LHK

1          (a)      the parties' counsel and in-house counsel, as well as their respective paralegal,

2  clerical and secretarial staffs;

3          (b)      any current or former officers, directors, or management-level employees of

4  Defendants and Heartland Employment Services, LLC necessary or appropriate to aid in the

5  prosecution, defense or settlement of this action;

6          (c)      Plaintiff Elsy De Mira only (but not any unnamed class members) as

7  necessary or appropriate to aid in the prosecution, defense or settlement of this action, provided

8  Plaintiff signs in advance of the disclosure the Nondisclosure Agreement attached hereto as

9  "Attachment A"  and is not permitted to maintain possession of such designated ATTORNEYS'

10  EYES ONLY items or information at any time;

11          (d)      any expert witnesses and consultants (and their staff) necessary or appropriate

12  to aid in the prosecution, defense, or settlement of this action, provided they have signed in advance

13  of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A";

14          (e)      the Court and its personnel either *in camera* or as filed under seal Civil Local

15  Rule 79-5;

16          (f)      court reporters and their staff, professional jury or trial consultants, and other

17  vendors (*e.g.*, persons or entities that provide litigation support services such as photocopying,

18  videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving

19  data in any form or medium) necessary or appropriate to aid in the prosecution, defense, or

20  settlement of this action, provided they have signed in advance of the disclosure the Nondisclosure

21  Agreement attached hereto as "Attachment A";

22          (g)      any discovery referees, as well as any neutrals or mediators, retained for

23  alternative dispute resolution purposes;

24          (h)      the author of a document containing ATTORNEYS' EYES ONLY

25  information; and

26          (i)      as otherwise agreed by the parties in good faith, which agreement is

27  confirmed in writing or on the record in deposition or in court in advance of the disclosure.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION FOR PROTECTIVE ORDER;
[~~PROPOSED~~] ORDER                    5                    Case No. CV 12-04092 LHK

**6.3**     All persons who are permissibly shown PROTECTED MATERIALS shall be advised of the confidentiality of such materials, and certain such persons, as specified above, shall sign a copy of the Nondisclosure Agreement attached hereto as "Attachment A," acknowledging their confidentiality obligations.

**6.4**     Copies, extracts, and summaries of any PROTECTED MATERIALS shall be accorded the same level of protection by this Order as the DISCOVERY MATERIALS from which they came.  Wherever possible, such copies, extracts, and summaries shall also be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY DISCOVERY MATERIALS, respectively. Such copies, extracts, and summaries shall not be delivered or exhibited to any persons except as provided in this Order.

**6.5**     During depositions, Counsel may question any deponent necessary to the prosecution, defense, or settlement of this action about CONFIDENTIAL DISCOVERY MATERIALS, and any witness who is authorized by this Order to review ATTORNEYS' EYES ONLY DISCOVERY MATERIALS, provided the deponent has signed the Nondisclosure Agreement attached hereto as "Attachment A" or is otherwise permitted to review the PROTECTED MATERIALS.  Any CONFIDENTIAL or ATTORNEYS' EYES ONLY document so referred to may be marked as an exhibit, but no such CONFIDENTIAL or ATTORNEYS' EYES ONLY document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the consent (written or on the record at the deposition) of the party that designated the document as a PROTECTED MATERIAL.  Portions of deposition transcripts containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information or documents shall be so marked.  CONFIDENTIAL or ATTORNEYS' EYES ONLY portions, including exhibits containing CONFIDENTIAL or ATTORNEYS' EYES ONLY documents and/or information, shall be bound  separately from the non-confidential portions of the transcript, or as otherwise agreed by the parties in writing or on the record during said deposition.

**6.6**     Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested parties, a party may not file in the public record in this action any DISCOVERY MATERIALS designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.  A

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION FOR PROTECTIVE ORDER;
[~~PROPOSED~~] ORDER                                    6                          Case No. CV 12-04092 LHK

party that seeks to file under seal any DISCOVERY MATERIALS designated CONFIDENTIAL or ATTORNEYS' EYES ONLY must comply with Civil Local Rule 79-5 and General Order 62, along with any applicable Standing Orders of this Court.  Nothing herein shall require a party seeking to file DISCOVERY MATERIALS under seal to meet and confer with the party who designated such DISCOVERY MATERIALS as CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to filing the DISCOVERY MATERIALS with the Court, provided that the party files such DISCOVERY MATERIALS in a manner consistent with Civil Local Rule 79-5 and General Order 62, along with any applicable Standing Orders of this Court.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the PROTECTED  MATERIAL at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file DISCOVERY MATERIALS under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

6.7     The inadvertent or unintentional disclosure of private or confidential DISCOVERY MATERIALS shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Any such inadvertently or unintentionally disclosed DISCOVERY MATERIALS shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and the producing party shall provide counsel for the other parties with a duplicate copy bearing the legend CONFIDENTIAL or ATTORNEYS' EYES ONLY, respectively, whereupon the unmarked copies will be returned or destroyed.

6.8     Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed for appeal, counsel for each party shall return all PROTECTED MATERIALS received from the other party, including all copies thereof, to counsel for the party that produced said materials.  Such returned materials shall include all PROTECTED MATERIALS in the possession of consultants or experts retained by that counsel or in-house counsel.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the

STIPULATION FOR PROTECTIVE ORDER;
[PROPOSED] ORDER                        7                        Case No. CV 12-04092 LHK
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1  PROTECTED MATERIAL instead of returning it and provide written certification to the Producing

2  Party affirming same.  Such return or destruction shall occur within sixty (60) days of dismissal or

3  final resolution of the action.  Counsel or in-house counsel shall be permitted to retain for their work

4  product and privileged files (i) copies of all papers and documents filed with the Court; and (ii) their

5  work product, such as pleadings, correspondence, and memoranda, which contain or refer to

6  PROTECTED MATERIALS.

7       **6.9**     Nothing contained in this Order shall preclude any party from seeking or obtaining,

8  upon an appropriate showing, additional protection with respect to any documents, information, or

9  other DISCOVERY MATERIALS.  Nothing contained herein relieves any party of its/her obligation

10 to respond to discovery properly initiated pursuant to the Federal Rules of Civil Procedure and other

11 applicable rules.  Nothing contained herein impacts or alters any party's right to assert or rely on any

12 objection, during discovery or otherwise, or is intended to or shall enlarge, abrogate, diminish, or

13 otherwise impact or alter the merits of any such objection.

14      **6.10**     A CONFIDENTIAL or ATTORNEYS' EYES ONLY designation may be challenged

15 in accordance with the provisions of this paragraph:

16           (a)     Any Party or Non-Party may challenge a designation of confidentiality.

17 Challenges to particular confidentiality designations must be initiated in writing within thirty (30)

18 days of the challenging Party's receipt of DISCOVERY MATERIALS containing the challenged

19 document or information.  If more than thirty (30) days has lapsed since the challenging Party's

20 receipt of DISCOVERY MATERIALS containing the designations being challenged, the

21 challenging Party must provide reasonable justification for its delay in bringing the challenge.

22           (b)     Any party that elects to initiate a challenge to a Designating Party's

23 confidentiality designation must do so in good faith and must begin the process by conferring

24 directly with counsel for the Designating Party.  In conferring, the challenging party must explain

25 the basis for her/its belief that the confidentiality designation is not proper and must give the

26 Designating Party an opportunity to review the designated material, to reconsider the circumstances,

27 and, if no change in the designation is offered, to explain the basis for the designation.  A

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

challenging party may proceed to the next stage of the challenge process only after it/she has engaged in this meet and confer process.

(c)     Any party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion, for good cause shown, under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration that affirms that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party during the meet and confer process. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, the parties shall treat the challenged material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as applicable, under this Order.

**6.11**     The Court may modify this Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

## 7.     PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**7.1**     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any PROTECTED MATERIALS, the Receiving Party must notify the Designating Party through its/her counsel, in writing (by email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**7.2**     The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must promptly deliver a copy of this Order to the party in the other action that caused the subpoena or order to issue.

STIPULATION FOR PROTECTIVE ORDER; [~~PROPOSED~~] ORDER                9                Case No. CV 12-04092 LHK

1     **7.3**      The purpose of imposing these duties is to alert the interested parties to the existence

2 of this Order and to afford the Designating Party in this case an opportunity to take such steps as are

3 deemed appropriate in the court from which the subpoena or order issued.

4 **IT IS SO STIPULATED.**

5 Pursuant to Local Rule 5-1, I, Jennifer L. Connor, obtained concurrence from signatory in filing.

6

7 Dated: March 8, 2013                      /s/ Jennifer L. Connor
8                                              Ira Spiro
                                             Jennifer L. Connor
9                                              Denise L. Diaz
                                             Justin F. Marquez
10                                              SPIRO MOORE LLP
11                                              Sahag Majarian II
                                             LAW OFFICE OF SAHAG MAJARIAN II
12                                              Attorneys for Plaintiff
                                             ELSY GARCIA DE MIRA

13

14 Dated: March 8, 2013                      /s/ Arthur M. Eidelhoch
15                                              Arthur M. Eidelhoch
                                             Shannon M. Gibson
16                                              Galen M. Lichtenstein
                                             LITTLER MENDELSON, P.C.
17                                              Attorneys for Defendants
                                             HCR MANORCARE, INC.; HCR
18                                              MANORCARE MEDICAL SERVICES OF
19                                              FLORIDA, LLC; MANOR CARE, INC.

20                  **PURSUANT TO STIPULATION, IT IS SO ORDERED**

21

22 DATED: __3/19/13__

23                                            Honorable Lucy H. Koh
                                             United States District Court Judge

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**ATTACHMENT A**

**NONDISCLOSURE AGREEMENT**

As a condition to inspecting or otherwise using documents and information produced in the action captioned *Elsy Garcia de Mira v. HCR ManorCare, et al.* (Case No.  CV 12-04092 LHK), I certify that I have read the attached Protective Order ("Order") regarding the handling of documents and information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and hereby agree to make no use of such documents and/or information except as permitted by the Order, to make no disclosure of such documents and/or information to persons other than those who may have access thereto under such Order, to return all originals and all copies of such documents and/or information when required to do so under such Order, and otherwise to be bound by all of the terms and provisions of the Order.


DATED: _____        SIGNED: _____

                                     PRINT NAME: _____


Firmwide:118782833.1 052829.1326

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940