SPIRO LAW CORP.
Ira Spiro, Cal. Bar #67641,
   Ira@spirolawcorp.com
Jennifer L. Connor, Cal. Bar #241480
   Jennifer@spirolawcorp.com
Denise L. Diaz, Cal. Bar #159516
   Deniseldiaz@Gmail.com.
Justin F. Marquez, Cal. Bar #262417
   Justin@spirolawcorp.com
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Tel (310) 235-2350, Fax (310) 235-2351

LAW OFFICE OF SAHAG MAJARIAN II
Sahag Majarian II - Cal. Bar #146621
   Sahagii@aol.com
18250 Ventura Boulevard
Tarzana, CA 91356
Tel.: (818) 609-0807; Fax: (818) 609-0892

Attorneys For Plaintiff Elsy Garcia De Mira

## UNITED STATES DISTRICT COURT OF CALIFORNIA

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE BRANCH

| | |
|---|---|
| ELSY GARCIA DE MIRA, individually, and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>HEARTLAND EMPLOYMENT SERVICE, LLC.; and DOES 1 through 10 inclusive<br><br>         Defendants. | CASE NO: CV 12-04092 LHK<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF JENNIFER CONNOR SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL**<br><br>[Amended Proposed Order filed concurrently herewith]<br><br>**FURTHER HEARING**<br>Date:   October 16, 2013<br>Time:   11:00 a.m.<br>Place:   Ctrm. 8 – 4th Floor<br><br>Action Filed: August 3, 2012<br>Trial Date: August 18, 2014 |

# DECLARATION OF JENNIFER L. CONNOR

I, Jennifer L. Connor, declare as follows:

1. I am an attorney admitted to the Bar of the State of California and the United States District Court, Northern District of California. I am an attorney at the law office of Spiro Moore LLP, counsel for Plaintiff Elsy Garcia De Mira in this matter. I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently thereto.

2. This Declaration is submitted in support of Plaintiff's previously filed Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, *see*, [D.E. 45 – 50], and that came on for hearing before this Court on September 26, 2013 [D.E. 52 and 53]. Pursuant to the Court's ruling, the Parties hereby submit the foregoing supplemental documents to address matters raised at that September 26, 2013 hearing. That hearing was continued, and any ruling has been deferred, to October 16, 2013 at 11:00 a.m. before this Court.

3. Attached at Exhibit "1" hereto is a copy of the 35-page proposed Revised (October 2013) Class Action Settlement Agreement And Stipulation ("Revised Settlement Agreement") approved by the Parties, along with revised supporting documents and exhibits. This proposed Revised Settlement Agreement is intended by the Parties to supersede and replace the previously submitted Settlement Agreement (D.E. 45-3 (Exhibit 1)), and is consistent with the terms pursuant to the "Modifications in Writing" proviso in Section G, para. 2, of the prior agreement. I have secured written confirmation and authorization from the Parties' and/or their representatives that the Revised Settlement is wholly approved by Plaintiff and Defendants. The Revised Settlement Agreement is executed by all signatories (Plaintiff, Plaintiffs' counsel, and Defendant's counsel) except that Sharon Hollins is currently unavailable due to prior travel engagements. I have been assured, however, that her signature will be forthcoming within a

1
Plaintiff's Unopposed Motion For Preliminary Approval;
Memorandum Of Points And Authorities

couple of days.

4.     In response to the Court's comments raised at the September 26, 2013 hearing on preliminary approval, the Parties have made substantive revisions from the prior agreement to the proposed Revised Settlement Agreement as follows:

   a)     The "Class" definition has been revised and/or clarified to -

> "<u>Class</u> means the class to be certified for settlement purposes only of all hourly, non-exempt employees of Heartland Employment Services, LLC who were employed in California during the Class Period, except those who have otherwise resolved, released, waived, or recovered monies on, the Settled Claims."

This revision deletes language referring to "or any other HCR entity working at least one day" and clarifies that a Class Member must be or have been actually employed – that is to say consistent with the legally-mandated wage and HR records reflecting and W-2 issuance - within California.

   b)     The "Released Parties" definition has likewise been revised and/or clarified to –

> "<u>Released Parties</u>" means Heartland Employment Services, LLC and HCR ManorCare, Inc., and each of their respective past and present subsidiaries, parent companies, affiliates, divisions, corporations in common control, successors or assigns, including, but not limited to, HCR Manorcare Medical Services of Florida, LLC (which was originally sued in this Action) and the companies operating business units where Class Members worked in California during the Class Period, and each of those entities' past and present officers, directors, shareholders, partners, agents, insurers, employees, attorneys, advisors, accountants, representatives, trustees, heirs, executors, administrators, predecessors, successors and assigns, each of whom (except Defendant) is expressly deemed to be third party beneficiary of this Agreement.

This revision deletes all but two of the previously listed HCR-entities and keeps only HCR ManorCare, Inc. and HCR ManorCare Medical Services of Florida, LLC; the latter of which was originally named in this lawsuit as it was an HCR entity registered with the California Secretary of State.  Additionally, further scope limitations are in place to the extent "Released Parties" is also confined to "where Class Members worked in California during the Class Period" and in response to comments raised at the prior hearing.

c)   The "Settled Claims" definition has likewise been revised and/or clarified to –

   a.   With respect to Plaintiff Class Members, Settled Claims means and includes any and all charges, claims, causes of action, actions, lawsuits, demands, complaints, liabilities, obligations, requests for reimbursement, penalties, fines, promises, agreements, controversies, damages, rights, offsets, liens, attorneys' fees, costs, expenses, losses, debts, interest, and fines of any kind, whether known or unknown (collectively, "Claims"), for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect, whether suspected or unsuspected, whether contingent or vested, which the Named Plaintiff or any Plaintiff Class Member has had, now has, or may have in the future against the Released Parties or any of them <u>for any acts related to work in California</u> occurring since August 3, 2008 through on or before the date the Final Order is filed that were pled or could have been pled in the Complaint/First Amended Complaint, that are based upon, arise out of, or relate in any way to any of the facts or theories in the Complaint/First Amended Complaint, including all statutory provisions identified in the Complaint/First Amended Complaint, PAGA, FLSA, and all penalty and all retaliation claims, without regard to the theory of liability and without regard to whether such Claims are based on the constitutions, laws, regulations, ordinances or other pronouncements of the United States or of any state, county, city, or other governmental entity of any kind.

   ***

   d.   The Claim Form shall constitute an opt in request under the federal Fair Labor Standards Act and its regulations and, therefore, with regard to Participating Class Members, Settled Claims shall include Claims arising under the federal Fair Labor Standards Act and its regulations that were pled or that could have been pled since August 3, 2008 through on or before the date the Final Order is filed, <u>but only in relation to work in California.</u>  With regard to Plaintiff Class Members who have not timely submitted a valid Claim Form, Settled Claims shall include Claims arising under the federal Fair Labor Standards Act and its regulations to the greatest extent permitted by law.

This revision specifies that "Settled Claims" is only with respect to acts related to work in California since August 3, 2008 and that the federal FLSA claims are also limited to only being in relation to work in California.  Additionally, the objection period, along with the claim submission and request for exclusion periods, were lengthened from fifty-five (55) days to sixty (60) days.  It should also be noted that proposed Class Counsel, Spiro Moore, LLP, has recently changed names to Spiro Law

3
Plaintiff's Unopposed Motion For Preliminary Approval;
Memorandum Of Points And Authorities

Corp., and that is also reflected as appropriate. Collectively, the Parties' modifications to the "Class" and "Released Parties" and "Settled Claims" definitions reflected in the proposed Revised Class Action Settlement are believed to be appropriate and sufficiently narrowly-tailored so as to warrant preliminary approval of the proposed Settlement.

6. In addition to revisions made to the Revised Class Action Settlement Agreement itself, the Parties also updated the previously-submitted Class Notice, Claim Form, and [Proposed] Preliminary Approval Order exhibits accordingly. *See*, [D.E. 45-3]   For example, to the extent the Class Notice and Claim Form tracked the "Class," "Settled Claims," and/or "Released Parties" language from the Revised Settlement Agreement, the Parties have incorporated the changes into those documents as well. Also, the sixty days (rather than fifty-five days) claims submission, requests for exclusion, and objections period was inserted. Moreover, other edits to verbiage and clarifications that were requested and recommended by the Court at the hearing were made, along with various blank-inserts for address and/or date information were filled in. Lastly, the name, telephone, and fax information for Plaintiff's counsel, Spiro Law Corp. (previously Spiro Moore LLP) was also updated.

7. In light of the further revisions described above, true and correct copies of the [Proposed] Class Notice and [Proposed] Claim Form and as they now appear in the proposed Revised Class Action Settlement Agreement are separately attached as Exhibits "2" and "3" respectively hereto.

8. Moreover, Plaintiff's counsel provides the following additional factual support and estimated valuation calculations to supplement those previously provided in the Declaration Of Jennifer L. Connor In Support Of Plaintiff's Motion For Preliminary Approval ("Connor Decl.") at Paragraphs 18 through 28. *See*, [D.E. 45-3]. Discovery and evidence gathered in advance mediation showed that Plaintiff and putative class members were and are paid bi-weekly for an estimated total

combined 315,000 Work Weeks during the Class Period.  Based on payroll and punch data provided by Defendants for the period of August 6, 2008 through March 26, 2013, Plaintiff estimates that the average individual class member worked thirty-eight (38) two-week pay periods and lost an estimated $28.57 for each two-week pay period attributable to unpaid hours that were shorted due to rounding of time, unpaid overtime premiums, missed meal breaks, and missed rest break violations during the Class Period.  Accordingly, the average wage loss per individual class member would be $1,085.66 during the entire Class Period – without any discounts for risks associated with certification, establishing liability, and/or proving damages.

9.     It is important to note that approximately 1,802 Class Members are former employees that, if successful at trial, would be eligible for Labor Code § 203 penalties.  Due to the relatively high average hourly rate of $21.03, these former employees would receive an additional amount of $5,047, in addition to the unpaid wages discussed above.  Moreover, an estimated 680 employees theoretically qualify for the $4,000 maximum penalty for Labor Code § 226 wage statement penalty.  Plaintiff contends that these large sum dollar amounts on derivative penalty claims – which are almost four to five times the estimated actual wage loss for the multiple substantive claims - should not be substantially credited given the difficulty in establishing knowing, intentional, willful conduct, and resulting injury.[1]  Defendant  contends that penalties would be "inequitable, unjust, and unlawful, and that the Company has acted at all relevant times acted in good faith, reasonably, and without malice or any form of willful misconduct. *See*, [D.E. 25, at p. 2]  Given that Defendants rounding policy was disclosed in employee handbooks and facially neutral, given that written meal policies tracked California Labor Code § 512 language, given that Defendants obtained individually-executed "Meal Period Understanding" documents (which Plaintiff executed), given that the availability and use of

---

[1] With respect to Labor Code § 226, the deprivation of information, standing alone, is not a cognizable injury. *Johnson v. Sky Chefs, Inc.* (2012) 2012 WL 4483225, *10. With respect to Labor Code § 203, "a good faith belief in a legal defense will preclude a finding of willfulness" which exists "when an employer presents a defense, based in law or fact, which if successful, would preclude any recovery on the part of the employee." *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 325.

5
Plaintiff's Unopposed Motion For Preliminary Approval;
Memorandum Of Points And Authorities

missed punch/meal break forms (which Plaintiff also used on several occasions), given that Defendants' written policy permitted 15-minute (rather than 10-minute) rest breaks, there is a factual basis for significantly, if not completely, discounting these penalties. Moreover,

10. As previously stated, assuming a 100% participation and *pro rata* distribution among Settlement Class Members, there would be available $218 for each participating Settlement Class Member assuming the Net Settlement Fund is $871,667. This represents a 20.1% settlement recovery value on estimated average wage loss per individual putative Class Member. If there is a higher amount available for the Net Settlement Fund or if the participation rate is less than 100% of the Class (as full class participation in settlements is rare), the recovery value will be higher. Plaintiff will update these values after that information becomes available and in connection with any motion for final approval.

11. Lastly, pursuant to the Court's direction, Plaintiff has updated the previously submitted [Proposed] Order Granting Preliminary Approval with the requested edits and also set forth a tentative timeline of dates based on the current scheduling of events and starting from the Parties' next hearing on October 16, 2013. The revised [Proposed] Order Granting Preliminary Approval is being submitted concurrently herewith. Plaintiff also intends to email to the Court the electronic word-processing versions of the revised [Proposed] Order, revised [Proposed] Class Notice, and revised [Proposed] Claim Form as requested.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 10 October, 2013.

Jennifer L. Connor