UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELSY GARCIA DE MIRA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HCR MANORCARE; HCR MANORCARE MEDICAL SERVICES OF FLORIDA, LLC; MANOR CARE, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  12-cv-04092 LHK<br><br>**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs' Motion for Final Approval of Class Action Settlement came before this Court on February 27, 2014. The Settlement in this case was preliminarily approved by this Court on October 16, 2013. Pursuant to the Court's Order Granting Plaintiff's Motion for Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Approval of Class Notice and Claim Form, and of Settlement Administrator ("Preliminary Approval Order") and the Notice provided to the Class, the Court conducted a Final Fairness Hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the Parties and has heard arguments presented by counsel at the hearing.

For the reasons stated hereafter, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**THE COURT HEREBY GRANTS FINAL APPROVAL OF THE SETTLEMENT** based upon the terms set forth in the Preliminary Approval Order and the Revised (October 2013) Class Action Settlement Agreement and Stipulation ("Settlement Agreement") filed by the parties. (This Order of Final Approval incorporates and approves in its entirety the Settlement Agreement. Unless otherwise provided herein, all capitalized terms shall have the same meaning as ascribed in the Settlement Agreement.)

1. The Settlement is fair, adequate, and reasonable to the Class.

2. The Court finds that this Action and Settlement satisfy the requirements of Rule 23 and further finds that the Class has at all times been adequately represented by the Named Plaintiff and Class Counsel.

3. The Notice approved by the Court was provided by First Class Mail to the last-known address of each of the individuals identified as a Class Member. In addition, adequate follow-up efforts were made to send the Notice to those individuals whose original Notice was returned as undeliverable. The Notice adequately describes all of the relevant and necessary aspects of the Settlement, the request for an incentive payment to the Named Plaintiff, and Class Counsel's request for an award of attorneys' fees and costs.

4. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court

1   with subject matter and personal jurisdiction over the Class Members. The Court finds that the
2   Notice procedure afforded adequate protections to Class Members and provides the basis for the
3   Court to make an informed decision regarding approval of the Settlement based on the responses of
4   Class Members.

5         5.      The Court has concluded that the Settlement, as set forth in the Settlement Agreement
6   executed by the parties, is fair, reasonable, and adequate under state and federal laws, including
7   California state law and the Fair Labor Standards Act, 29 U.S.C. § 200 et. seq. The Court finds that
8   the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length
9   negotiations, including mediation. In granting Final Approval of the Settlement, the Court
10  considered the nature of the claims, the benefits paid in Settlement, the allocation of Settlement
11  proceeds among the Class Members, and the fact that a Settlement represents a compromise of the
12  Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the
13  Court finds that the terms of the Settlement Agreement had no obvious deficiencies and did not
14  improperly grant preferential treatment to any individual Class Member. Accordingly, the Court
15  finds that the Settlement Agreement was entered into in good faith. The Court also finds that the
16  Class is properly certified for settlement purposes only. The Court finds that the uncertainty and
17  delay of further litigation strongly supports the reasonableness and adequacy of the $1,453,500 gross
18  settlement fund established pursuant to the Settlement Agreement.

19        6.      Out of the Class Members who were provided notice, none objected to any aspect of
20  the Settlement and four opted out of the Settlement. The reaction of the Class to the Settlement
21  strongly supports the conclusion that the Settlement is fair, reasonable, and adequate.

22        7.      Pursuant to the terms of the Settlement Agreement, the Named Plaintiff and all
23  Plaintiff Class Members shall be bound by the releases set forth in the Settlement Agreement,
24  regardless of whether such persons received any compensation under the Settlement Agreement.
25  Except as to such rights or claims that may be created by the Settlement, all Class Members as of the
26  Effective Date of the Settlement who did not timely and properly opt out are hereby forever barred
27  and enjoined from prosecuting or seeking to reopen the Settled Claims, and any other claims
28  released by the Settlement Agreement, against the Released Parties.

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

8. The Settlement is HEREBY APPROVED in its entirety. The parties are ordered to comply with and carry out the terms of the Settlement.

9. The settlement monies shall be dispersed in accordance with terms of the Settlement Agreement.

10. The Court determines by separate orders the requests by Class Counsel for the payment of (a) Class Counsel's Fees and Expenses and (b) Class Representative's incentive award and individual payment for global release of all claims and waiver of all rights to employment, reemployment, and reinstatement with Defendant. Any Court order regarding the application for such payments shall in no way disturb or affect this Order and shall be considered separately from this Order.

11. The Claim Administrator shall be paid from the Gross Settlement Amount.

12. The terms of the Settlement Agreement, this Final Approval Order, and the accompanying Final Judgment are binding on the Named Plaintiff and all other Plaintiff Class Members, as well as their heirs, executors and administrators, successors and assigns and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute Settled Claims as set forth in the Settlement Agreement. Defendants may file the Final Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Approval Order.

14. Neither this Final Approval Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Approval Order and the Final Judgment) is, may be construed as, or may be used as, an

admission or concession by or against Defendant or the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability. Entering into and carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission, or a concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto or Class Member in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Approval Order and Final Judgment and the Settlement Agreement; provided, however, that this Final Approval Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by Defendant or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

**IT IS SO ORDERED.**

Dated:  March 13, 2014

_____
LUCY H. KOH
UNITED STATES DISTRICT JUDGE